UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFRED ERIC CARAFFA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RYAN THORNELL, et al,<br><br>　　　　Respondent. | Case No. 2:24-cv-01883-JFW (DTB)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

## I.
## PROCEEDINGS

On February 22, 2024, Petitioner Alfred Eric Caraffa ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), in the United States District Court for the District of Arizona. (Docket No. 1). The Petition names as respondents the following: Ryan Thornell, the Director of the State of Arizona Department of Corrections; the State of Arizona; the Attorney General for the State of California; and the County of Los Angeles. (Petition at 1). Because the Petition challenges Petitioner's November 27, 2018 felony conviction for violating Cal. Pen. Code § 21310, carrying a concealed

1

1  dirk or dagger, in Los Angeles County Superior Court, Case No. LA089450-001
2  ("California Conviction") (Petition at 3),[1] on March 5, 2024, the matter was
3  transferred to this Court. (Docket No. 4). As a result of the California Conviction,
4  Petitioner was sentenced to 365 days custody in county jail with 54 days credit and
5  was placed on probation for three years. (Petition at 15-17, 19-22, 26-28).
6        Although the Petition challenges the California Conviction, Petitioner is
7  presently in the custody of the State of Arizona, serving a state prison sentence as
8  the result of a conviction in Maricopa County Superior Court for armed robbery.
9  (Petition at 31-32, Sentencing Order, Superior Court of Arizona, County of
10 Maricopa, Case No. CR 2019-155732-001 DT ("Arizona Conviction")). As a result
11 of the Arizona Conviction, on October 1, 2021, Petitioner was sentenced to a
12 maximum term of 16 years in prison. (Petition at 32-33). Although Petitioner
13 includes his current custodian and the State of Arizona as respondents, the instant
14 Petition does not attack or otherwise challenge the Arizona Conviction, but appears
15 to only challenge the California Conviction, which was apparently considered by the
16 Maricopa County Superior Court for purposes of his current sentence (see, e.g.
17 Petition at 31).
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[1] The Petition, including the attachments, is 134 pages in length. The pages of these documents are not consecutively numbered from the first page as required by Local Rule 11-3.3. For convenience and clarity, the Court has consecutively numbered the pages of the Petition to correspond with the electronic pagination provided by the Court's CM/EFC docketing system.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition for purposes of determining whether it "plainly appears" from the face of the Petition that Petitioner is not entitled to habeas relief. The Court finds that the Petition suffers from several deficiencies, and hereby orders Petitioner to show cause as to why this action should not be dismissed for the reasons set forth herein.

## II.

## PETITIONER'S CLAIMS

The Petition is submitted on a Section 2254 form petition from the District of Arizona, which Petitioner has modified by striking the word "Arizona" and interlineating "California" in its place.[2] (See Petition at 1). The first three claims relate to Petitioner's California Conviction, while the fourth claim appears to relate to prior proceedings in the instant action in the United States District Court for the District of Arizona.

In Ground One of the Petition, Petitioner claims that his due process rights under the Fourteenth Amendment were violated in the proceedings related to his California Conviction on the basis that the charging document was defective. Specifically, Petitioner alleges that page four of the felony complaint in Los Angeles Superior Court Case No. LA089450 "is unsigned by anyone with authority of any court in the entire state of California," that the document lacks a docket number, and that no time or date is listed for his arraignment in the matter. (Petition at 6).

/ / /

/ / /

/ / /

---

[2] Central District of California Local Rule 83-16.1 requires that a petition for a writ of habeas corpus or a motion filed pursuant to 28 U.S.C. § 2255 shall be submitted on the forms approved and supplied by the Court.

In Ground Two, Petitioner alleges a violation of his rights under the Eighth Amendment in relation to the proceedings pertaining to the California Conviction on the basis that he was held in custody for 16 days without bail prior to his preliminary hearing on November 16, 2018. (Petition at 7). In a related claim in Ground Three, Petitioner alleges a violation of the Eighth Amendment in relation to the proceedings pertaining to the California Conviction, claiming that he was unlawfully held in custody from November 1, 2018 until November 16, 2018. (Petition at 8).

In Ground Four, Petitioner raises a Fifth Amendment claim against United States District Judge Michael T. Liburdi of the District of Arizona, apparently on the basis that Judge Liburdi improperly granted *in forma pauperis* status to Petitioner and dismissed his previous federal habeas petition after denying Petitioner's motion to transfer the Petition to the proper court. (Petition at 9).

## III.

## DISCUSSION

**A.  The Court Appears to Lack Habeas Jurisdiction for Purposes of Petitioner's Challenge to the California Conviction.**

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody of the Constitution or laws or treaties of the United States." Thus, in order to seek habeas relief, a petitioner must be "in custody" pursuant to a state court judgment of conviction. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas Petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Cook, 490 U.S. at 490-91; Munoz v. Smith, 17 F.4th 1237, 1240 (9th Cir. 2021); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions

primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018) ("'[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody'") (quoting Preiser).

A habeas petitioner does not remain "in custody" pursuant to a conviction once the sentence for the conviction has "fully expired." Cook, 490 U.S. at 492. In order for habeas jurisdiction to exist, "the challenged judgment must be 'the source of the petitioner's custody.'" (Wright v. State of Alaska, 47 F.4th 954, 959 (9th Cir. 2022) (quoting Dominquez, 906 F.3d at 1136) (citations omitted).

Here, the Petition attacks Petitioner's 2018 California Conviction, a conviction for which he is not presently incarcerated. Petitioner concedes that he is currently confined to the custody of the State of Arizona Department of Corrections, Rehabilitation and Reentry as a consequence of his 2021 Arizona Conviction for armed robbery, for which he is serving a sentence of up to 16 years. (Petition at 32-33). However, in the Petition, liberally construed, Petitioner appears to challenge his current custodial sentence on the basis that it was enhanced by the California Conviction. (See, e.g., Petition at 31). The Supreme Court has recognized that, in certain limited circumstances, a state prisoner may challenge expired state convictions through federal habeas corpus when the prior convictions are used to enhance a current state sentence. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-05 (2001). The court in Lackawanna reasoned that because such a claim could be construed as asserting a challenge to the state sentence the petitioner was then serving, as it was enhanced by the alleged invalid prior conviction, he satisfied the "in custody" requirement. Id. at 401-02. See also Dubrin v. People of the State of Calif., 720 F.3d 1095, 1097 (9th Cir. 2013) (construing pro se habeas petition as challenge to sentence currently being served where such sentence had been enhanced by an expired prior conviction, the validity of which petitioner

challenged.) However, the Supreme Court in <u>Lackawanna</u> further found that a habeas petitioner may challenge a prior conviction used to enhance a petitioner's current sentence only in limited circumstances where there was a failure to appoint counsel in violation of the Sixth Amendment as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963) with respect to the underlying conviction. A second exception was advanced by a three-judge plurality in <u>Lackawanna</u> for circumstances where a petitioner cannot be faulted for failing to obtain a timely review of a constitutional claim, either because a state court, without justification, refused to rule on a constitutional claim properly presented to it, or because the petitioner uncovered "compelling evidence" of his innocence after the time for review had expired that could not have been timely discovered. 532 U.S. at 405-06. The Ninth Circuit adopted this second <u>Lackawanna</u> exception in <u>Dubrin</u>, 720 F.3d at 1099, and it is therefore binding on this Court.

Here, it does not appear that either of the two <u>Lackawanna</u> exceptions are applicable. First, it appears that counsel was appointed to represent Petitioner when he appeared in the proceedings underlying the California Conviction. As noted, Petitioner appended numerous documents to the Petition, including, *inter alia*, the Felony Advisement of Rights, Waiver, and Plea Form which he executed for purposes of his plea of nolo contendere to the felony charge against him on November 27, 2018 (Petition at 19-22); the minutes of Petitioner's case in Los Angeles Superior Court Case No. LA089450 ("Minutes"), reflecting his arraignment (Petition at 24-25), his preliminary hearing (Petition at 25-28) and his plea and sentencing hearing (Petition at 26-28). The Minutes reflect that the court appointed public defender Meredith Schensul to represent Petitioner at his arraignment in Los Angeles Superior Court Case No. LA089450 on November 5, 2018. (Petition at 24). Counsel was present for the pendency of Petitioner's arraignment, where Petitioner entered a not guilty plea to the charge of Cal. Pen. Code § 21310. (<u>Id</u>.).

However, the Minutes also reflect that Petitioner dismissed his attorney at his preliminary hearing on November 16, 2018 and requested to proceed *pro per*. (Petition at 25). The Minutes reflect that Petitioner signed and filed a waiver pursuant to Faretta v. California, 422 U.S. 806 (1975), for purposes of confirming his desire to proceed without an attorney and affirm his pro per status. (Id.).

Accordingly, it appears Petitioner does not fall within the first Lackawanna exception, since the court appointed counsel to represent him in compliance with his right to counsel under the Sixth Amendment.

It also appears that Petitioner does not qualify under the second Lackawanna exception, as he did not apparently seek timely review of his California Conviction, either directly or collaterally, following his plea of nolo contendere to Cal. Pen. Code § 21310, carrying a concealed dirk or dagger, on November 27, 2018. (Petition at 26-28). The Petition reflects that the only judicial review Petitioner has sought with respect to the claims raised in the Petition was a petition for writ of certiorari to the United States Supreme Court (see Petition at 11), and that he has not raised his claims in the state courts. (Petition at 6-11). Further, a review of the California Appellate Courts website reveals no appellate cases involving Petitioner.[3] Petitioner does not appear to be able to show that he cannot be faulted for failing to obtain the timely review of his constitutional claims, since he apparently has not sought any appellate review of his California Conviction.

/ / /

/ / /

---

[3] https://appellatecases.courtinfo.ca.gov/index.cfm  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the dockets of the California Appellate Courts. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within the without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

As the Supreme Court noted in Lackawanna, absent a finding of the limited exceptions set forth above, "[i]f . . . a prior conviction used to enhance a sentence is no longer open to direct or collateral attack in its own right because [petitioner] failed to pursue those remedies while they were available (or because the [petitioner] did no unsuccessfully), then that [petitioner] may not collaterally attack his prior conviction through a [2254 petition]."  532 U.S. at 402 (citation omitted).

Accordingly, it appears the Court lacks jurisdiction over the Petition and that Petitioner is foreclosed from attacking his California Conviction, because he has not shown that he falls within either of the two narrow exceptions in Lackawanna. Therefore, Petitioner is ordered to show cause as to why the Petition should not be dismissed on this basis.

**B.     Petitioner has Failed to Exhaust his Available State Remedies Pursuant to 28 U.S.C. § 2254.**

Habeas relief is also precluded on the basis that Petitioner failed to exhaust his available state remedies with regard to the claims raised in the Petition prior to raising them in federal court.  The federal habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  For purposes of exhaustion, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v.

Connor, 404 U.S. 270, 275-78 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

The Supreme Court in Lackawanna reaffirmed a habeas petitioner's obligation to exhaust his claims as required by Section 2254(b). 532 U.S. at 404. ("As with any § 2254 petitioner, the petitioner must satisfy the procedure prerequisites for relief including, for example, exhaustion of remedies.")

Here, as previously noted, it appears from the face of the Petition that Petitioner has not exhausted his available state remedies with respect to any of the grounds raised in the Petition. In response to the questions on the form petition asking whether he filed a direct appeal from the judgment of conviction, or whether he filed an appeal to the Arizona Supreme Court, Petitioner checked the "no" box for each. (See Petition at 3-4). Moreover, nothing in the Petition suggests that Petitioner exhausted his grounds for relief with respect to the California Conviction in the California courts, including the California Supreme Court, and a review of the California Appellate Courts website reveals no appellate filings by Petitioner. Although the Petition does indicate that Petitioner filed a petition for certiorari in the United States Supreme Court, in which it appears he raised the instant claims (see Petition at 4), a writ of certiorari to the Supreme Court does not satisfy the exhaustion

requirement of Section 2254(b)(1)(A).  See, e.g., Shinn v. Ramirez, 596 U.S. 366, 377 (2022) ("[B]oth Congress and federal habeas courts have set out strict rules requiring prisoners to raise all of their federal claims in state court before seeking federal relief.").  Thus, Petitioner has not met his burden of demonstrating that he exhausted his four grounds for relief in the California Appellate Courts, including presentment to, and disposition on the merits by, the California Supreme Court, and has therefore failed to satisfy the exhaustion requirement of Section 2254(b)(1).

If it were clear that the California Supreme Court would hold that Petitioner's unexhausted claims directed to the California Conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[4]  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court will hold that Petitioner's unexhausted claims directed to his California Conviction are procedurally barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where the petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405(1952) (noting that claims that fundamental constitutional rights have been violated may be

/ / /

/ / /

/ / /

---

[4] In that event, although the exhaustion impediment to consideration of Petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless Petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of any "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009). The Petition herein is neither; rather, it contains solely unexhausted claims, and the Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, the Petition contains solely unexhausted claims, and is subject to dismissal on this basis. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

Therefore, Petitioner is ordered to show cause as to why the Petition should not be dismissed on the basis that he has not exhausted the claims therein as required pursuant to 28 U.S.C. § 2254(b)(1).

**C.      The Petition Does not Seek Appropriate Habeas Relief.**

As previously noted, "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." Preiser, 411 U.S. at 484.

Here, however, Petitioner does not seek relief from custody, but instead seeks money damages as his requested remedy. In paragraph 17 of the Petition, regarding the relief sought, Petitioner states as follows: "200.$^{00}$ [d]ollars per day at 10,000 to

11

one ratio plus [i]nterest from the first U.S. District Court of Arizona Court order of [a]ssignment of the wrong Judge in/with [n]o [j]urisdicton to rule in this [a]ction . . . and I seek [a]n upfront [j]udgment of $480,000.00 [d]ollars from the Attorney General of California." (Petition at 12).  Money damages are not an available remedy in an action for a writ of habeas corpus, "the purpose of which is not to redress civil injury, but to release the applicant from unlawful physical confinement[,]" Allen v. McCurry, 449 U.S. 90, 104 (1980) (citations omitted), and an award of damages may not be sought in a petition for writ of habeas corpus. Preiser, 411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")

In light of Petitioner's request for monetary damages (rather than for his release from custody), it appears Petitioner's claims are in the nature of a civil rights action under 42 U.S.C. § 1983, rather than a petition for writ of habeas corpus.  The Supreme Court has found that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (citing Preiser, 411 U.S. at 500). The Ninth Circuit has held that habeas corpus and Section 1983 are mutually exclusive remedies, and that "[i]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (citations omitted).  As noted herein, federal courts have jurisdiction over habeas claims by state prisoners only where the Petition challenges the fact or duration of a petitioner's conviction or sentence.  Nettles, 830 F.3d at 927.  Such claims are considered "within the core of habeas corpus."  Id. at 935 (citation omitted). Conversely, a claim brought by a state prisoner that does not implicate the validity or duration of his confinement – on which does not lie 'at the core of habeas corpus

12

– must be brought pursuant to Section 1983." (Id. at 934) (citations omitted); see also Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (For "federal courts to order relief that neither terminates custody, accelerate the future date of release from custody, [or] reduces the level of custody" in a habeas action "would utterly sever the writ from its common-law roots") (Scalia, J., concurring). Accordingly, given Petitioner's request for money damages, it appears that the Petition raises claims more suitable for a civil rights action under Section 1983 rather than a petition for writ of habeas corpus pursuant to Section 2254.

The Supreme Court has authorized a district court to construe a habeas petition as a civil rights complaint pursuant to 42 U.S.C. § 1983 in certain circumstances. See, e.g., Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Nettles, 830 F.3d at 935. However, a petition may only properly be converted to a Section 1983 complaint when the pleading is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." Nettles, 830 F.3d at 936. Moreover, a court may convert a habeas petition to a Section 1983 complaint only after advising the petitioner of the potential consequences of conversion and allowing petitioner the opportunity to withdraw or amend the petition. Id. (citation omitted).

Here, the Court is disinclined to recommend that the Petition be construed as a civil rights complaint due to the significant differences in the procedural rules between habeas petitions and prisoner civil rights complaints.

First, the Petition is not facially amenable for conversion into a Section 1983 civil rights complaint, as the caption does not reflect the proper defendants. The Petition names the following as respondents: Ryan Thornell, the Director of the State of Arizona Department of Corrections; the State of Arizona; the Attorney General for the State of California; and the County of Los Angeles. However, Ryan Thornell, the State of Arizona and the Attorney General for the State of California

are not proper defendants for purposes of a Section 1983 action. There are no allegations in the Petition pertaining to these parties; instead, the Petition alleges, *inter alia*, that Petitioner's due process rights were violated in proceedings related to his California Conviction and also alleges a violation under the Eighth Amendment in relation to his federal proceedings in the United States District Court for the District of Arizona. There are no allegations implicating Director Thornell, the State of Arizona or the Attorney General of the State of California. A civil complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8, and the caption of the complaint must name all the parties. Fed.R.Civ.P. 10(a). In turn, a plaintiff in a Section 1983 action "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Since the Petition contains no allegations of conduct by Director Thornell, the State of Arizona or the Attorney General of the State of California, the Petition is not amenable to conversion "on its face," as these respondents are not proper defendants for purposes of a Section 1983 action.

      Second, the Court notes the difference in administrative requirements for a habeas petition and a civil rights complaint. A habeas petitioner is required to pay a filing fee of just $5.00 and may also seek relief from this filing fee by submitting an application to proceed in forma pauperis, which can result in a waiver of the filing fee. See Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts. By contrast, the Prison Litigation Reform Act ("PLRA") requires a prisoner to pay the full amount of the $405.00 filing fee, and also requires the submission of a copy of his prison trust account balance for the 6 months prior to

///

///

///

filing. 28 U.S.C. § 1915(b). Although the full $405.00 filing fee may be paid by a prisoner over time, it is nonetheless significantly greater than the $5.00 filing fee for a Section 2254 habeas petition, and it is Petitioner who should make the decision as to whether to incur the significantly higher fee, rather than the Court.

In addition, conversion of the Petition to a Section 1983 civil rights complaint would subject Petitioner to the "three strikes" provisions of the PLRA. Pursuant to 28 U.S.C. § 1915(g), the dismissal of a prisoner civil rights complaint can count as a "strike" against a prisoner and can impair a prisoner's ability to file future civil rights actions. Consequently, Petitioner should be afforded the opportunity to decide for himself whether to convert the allegations in the Petition into a Section 1983 action given the risk of incurring a possible "strike" in the event it is dismissed. Nettles, 830 F.3d at 936.

## IV.

## CONCLUSION

In light of the deficiencies identified herein, it appears the Petition is subject to dismissal on the basis that the Court lacks habeas jurisdiction, the claims in the Petitioner are unexhausted, and the relief Petitioner seeks is more suited for a Section 1983 civil rights Complaint.

Accordingly, Petitioner is hereby ORDERED to show cause why this action should not be dismissed on these basis.

Petitioner may alternatively file an amended habeas petition to cure the deficiencies, if he believes he can so do, and discharge this Order to Show Cause. Petitioner's response is due no later than **November 4, 2024.**

In the event Petitioner elects instead to file a Section 1983 civil rights complaint or other civil action, he should so indicate to the Court by the date his response to this Order to Show Cause is due and dismiss this habeas petition. The Clerk is directed to provide Petitioner with a blank Central District civil rights

complaint form, which Petitioner is encouraged to use as well as a Central District request for dismissal form.

**Petitioner is hereby cautioned that failing to comply with this Order will result in the recommendation that this action be dismissed for failure to prosecute and/or failure to comply with the Court's orders.**

Dated: October 7, 2024

_____
DAVID T. BRISTOW
United States Magistrate Judge